This case today is case number 417-0695 for the State of Illinois v. Kirk Zimmerman. For the appellant, we have Mr. Manchin, and for the appellee, we have Mr. Rogers. You may proceed, counsel. Thank you, Your Honor. May it please the Court, counsel, this case involved a state appeal from two separate motions in limine ruling by the trial court. One is on statements of identification made by Bernie Legge to the Gunthers, and the other is motion statements admitted under the forfeiture by wrongdoing theory. The standard appeal review that this Court should apply to both of these is a de novo standard, both because the evidence presented was undisputed, and because the trial court applied the wrong standard and the wrong interpretation of the law as to both issues. Counsel, if we disagree with you and don't apply that standard, where does that leave you? I believe that the trial court, even under an abusive discretion, I think the trial court's ruling was incorrect on both of them, because of the nature of limitations and the nature of the rulings applied by the trial court. The general purpose of a motion in limine is to address a specific legal issue. Does this particular statement or this particular witness fit within a hearsay exception or identification, or in the case of a child sex victim, whether those statements meet the statute? It's not a hearing to determine every single evidentiary ruling or evidentiary objection that could be raised as to a particular evidence. It should be limited. And the trial court in this case used a very expansive ruling to say that not only does the proposed evidence have to meet this particular exception that's being applied, it has to also meet every other conceivable evidentiary rule. And I think the trial court was incorrect with that. In particular, it was especially egregious with respect to the forfeiture by wrongdoing statements. The trial court found that the defendant had in fact killed his wife for the purposes of preventing him from testifying. That finding has not been challenged on appeal. He then said that two witnesses would be allowed to give limited statements, but every other bit of evidence would be excluded. And he gives a whole litany of about five different grounds for excluding the evidence. So are you conceding as to that evidence that the trial court did not make a ruling based on the bad acts, but that it was based on other evidentiary rules? I'm saying that to the extent he ruled on other evidentiary bases, he was acted in error. That the question should have been limited strictly to does this meet the forfeiture by wrongdoing? The other evidentiary objections should be considered in the context of trial when you have the full context, where you know exactly what the witness is testifying before the jury in connection with all the other evidence. But how does the fact that his ruling on the motion eliminated, that can be changed at trial, right? Yes, but how can the state or the prosecutor know how to get him to change that ruling when he says this evidence is excluded for six different reasons and refuses to state which particular reason he is excluding it on? In fact, the prosecutor filed a motion to reconsider and the trial court expressly refused to state whether Dr. Anderson was excluded under speculation or remoteness or what. So how can the state get the trial court to reconsider his prior ruling without having a separate hearing, again, repeating all the evidence that was presented outside of the hearing of the jury? It's basically virtually impossible for the trial prosecutor to know what he needs to do to get this evidence in. Well, one thing would be the context in which the court finds itself and the parties find themselves at the time the motion in limine is either renewed or challenged again or whatever. Context is important. The other way to look at this might be that the trial judge was giving you fair warning that there were a lot of other things to consider regarding whether this evidence would ever come in and that by ruling in advance, knowing that he or she could change their minds, they were giving you that warning so that something inadmissible wouldn't inadvertently come in, that you would be forewarned that you needed to be prepared to address these if you wanted to introduce them later. One might argue that's not a bad way to manage a case which is going to have a lot of complexity to it. It might be looked at that way. And if he has given the prosecutor more notice as to, okay, this Rachel Zimmerman is excluded because it's speculative. The Herbie, I don't remember how to pronounce it. The accountant. The accountant. He's excluded because it's too remote. Then you know exactly what to address to say, okay, this is why it's not too remote or this is why it's not speculation. But if when he says it's excluded for, there were six different reasons, he just laundry listed, that gives the state's attorney absolutely no guidance as to how to get around this pretrial ruling. Yes, it's a warning to the state's attorney that when you come to trial, you better be able to show a better time frame, say. But to say that it has to be excluded at the pre-trial stage on that basis I think is improper. Specifically when the trial court does not in any way provide a guidance as to which of the particular rules he's citing applies. And as far as his particular evidentiary rulings with respect to the forfeiture by wrongdoing, the trial court limited the state's attorney solely to evidence in October and November shortly before the murder. Evidence that the money, suit for money was pending and the defendant was refusing to pay and that he was worried he's not going to be able to retire wanting to because of these payments. The other evidence that is excluded is that for the last two years, the defendant has been fighting making any payments to his wife because he wanted to retire at age 55. I think that two-year history that the trial court excluded is relevant, contrary to his opinion that it's not relevant because it's too old. The fact that he's been fighting money for two years and for two years has said, I'm not going to be able to retire if I have to pay you, goes very closely to his intent as far as the murder at this particular point in time. It's not, it doesn't make it look like all of a sudden in October 2014, he decided he wants to retire at age 55 and therefore he's not going to make any more payments. Whereas you have the whole history of for two years, so that the trial courts that this is too remote or not relevant, it is incorrect that that is highly relevant and two years is not too remote given the ongoing nature of this dispute and the ongoing nature of the defendant's fight to not pay. So I think that as far as that evidence, the trial court's rulings on any of his basis is an abuse of discretion because that evidence is clearly relevant. It's not overly prejudicial. And the trial court's limitation as to forfeiture by wrongdoing was that, one, you have to testify to the exact express language used by Pam Zimmerman, and two, the evidence is strictly limited to the intent to kill her to prevent her from testifying. Neither of those limitations is supported by law. Had Pam Zimmerman not been killed by the defendant, all this testimony as to the last two years of dispute would have come in. But because he has killed her, he has now limited everything to just last two months. And that is not the purpose of the forfeiture by wrongdoing statute. Is that a fair characterization of what the trial court did when you say that he said the witnesses had to testify to exactly what Zimmerman said? Yes. He repeated that ruling probably a half dozen times during the course of the cross-examination of the witnesses, saying that he would prefer that you be more specific. No, he said we need, he expressly, I think if I remember, he expressly said we need the exact words of witness. It must testify in first person as to what she said. You cannot paraphrase it. You cannot say basically she said whatever. He said you have to use the exact language. And then when the prosecutor said, witness, can you tell me, using her exact language, what did she say, defense objection, leading the witness, sustained. I mean, that's the flavor of the trial court's rulings throughout a lot of this thing. And that is one of the reasons why some of the testimony was hard to get in. Because of this limitation, you have to use the exact words. Actually, the example you just gave strikes me as odd because there's nothing leading about that question. Yeah, that struck me as odd, too, but that's the way the record went with a number of questions. I'm sure Mr. Rogers can explain when he's arguing what's leading about that question if that's the correct description. Go ahead. And as far as the limitation, there is nothing to say that you're limited strictly to testimony as to the ‑‑ excuse me, I've been fighting a cold for the last week and a half and it's catching up to me. But if I'm the trial judge counsel, I'm going to want to, in fact, have the witnesses testify as best they can recall the statements and not paraphrase. What's the matter with that? Well, I'm just saying that the way it was handled in this case, that he would not even accept a paraphrase. Well, I'm not sure I ‑‑ is a paraphrase ever acceptable? Isn't that an interpretation as opposed to the phrase, to the best of your recollection, what did she say? And the best of recollection is probably going to be a paraphrase. Well, maybe it's a technical difference in phraseology, but paraphrase essentially means my interpretation or my translation of what she meant, which is different from, as best I recall, is what she said. Which is what the witnesses were testifying to. As I recall, she said, and then the court said, no, I want her exact words. But getting back to the ‑‑ as far as getting to the question of the statements of identification, the trial court ruled initially that it was not admissible as a statement of identification, it was just people repeating what they've been told, which is exactly what the hearsay exception for identification is, repeating that this person tells me they identified this particular person. Then on ‑‑ You're talking about with respect to the Gunthers? Yes, with respect to the Gunthers, yes. I don't think I made that transition too clearly. That's okay. Then on reconsideration, the trial court ruled that it was, the Gunthers were going to be excluded because they were repetitive and cumulative, and basically saying that because it was repetitive and cumulative, it was prejudicial. But when you have two statements of identification at two separate times and two separate places to two different people, that is not repetitive. That might be cumulative, but it is not repetitive. Each one serves a separate function. It's a different purpose. It goes to the credibility of her identification, her certainty of identification, goes to the question of is this somebody that's just coming forward because they're a publicity hound, goes to how did the police ever find Maria Legge? But that gets me back to the standard of review. Obviously the trial court within its discretion can make a decision about what evidence comes in, and if it's cumulative, which we have Ms. Legge and her husband testifying, wasn't that within the trial court's discretion? Well, if you had applied the correct ruling as far as the standards for what a statement of identification was, we'd be in a different position. But I submit that two different people at two different times is not repetitive or cumulative, so repetitive or cumulative. This is not a situation like the trial court's hypothetical of her making one statement at one time to 100 different people. The concern for getting all 100 people in would be understandable, but when you have three witnesses from two conversations about a month and a half apart, well, July to October, I guess it would be a few months apart, that each one is independently relevant and probative, and it doesn't amount to being too cumulative, too prejudicial. The courts have routinely upheld multiple statements of this nature using other evidentiary rulings, like, for example, the child sex victim. The courts have uniformly said that, no, the victim is not limited to only the one person he told. Each individual that they told can come in. Those are all cases in which this court has approved the exercise of discretion by the trial court to let in their testimony. What you're arguing for here is the exercise for this court to reverse the exercise of the discretion by the trial court to keep it up. I'm suggesting that just with the limited number of witnesses that were involved here and the differences in time frames and the differences in circumstances, that it is an abuse of discretion to say that the Gunthers would be too repetitive or too cumulative, given the differences in circumstances and the timing as far as the two conversations. Usually the person arguing on the other side of the discretion, so you know the standard very well, that no reasonable person in the position of the trial court could have come up with that decision. It's kind of a tough thing to do, Mr. Branshaw. But again, I submit that you have to look through the lens that the trial court first ruled, erroneously ruled that this doesn't even fall within the hearsay identification exception, that he applied the wrong standard of law. And when you look through it through that lens, the question of does it become too cumulative becomes even more apparent abuse of discretion. One final point with respect to the issue of the forfeiture statements. In his appeal, a defendant has only identified five statements that should have been excluded, that were properly excluded. He does not, five of them taken from the motions in lemonade, not from the testimony at the hearings. He does not suggest that, argue that the trial court's ruling was correct with respect to the witnesses I discussed in my brief. So I submit that this court could rule on the basis of forfeiture that he has forfeited the claim that those Are there no further questions? I don't see any at this time. Thank you. We'll have time on rebuttal. Mr. Rogers? Good afternoon. My name is John Rogers. I'm sorry, may it please the court counsel. I'm John Rogers. I am trial court attorney and disguised as an appellate court lawyer today for Mr. Kurt Zimmerman. I was present at all of the prior proceedings and the motions that were argued. We've essentially had two weeks of litigation on these motions in lemonade. Three or more days on the motion to suppress identification and five or so days with respect to the forfeiture by wrongdoing litigation. I do understand and appreciate the questions by Justice Stigman with respect to the abuse of discretion issue and what a difficult burden that is to attempt to achieve. I suggest to the court along with Justice Holder-White's questions of opposing counsel with respect to the appropriate standard of review that it's a very relevant part for this court's consideration and looking to both of our briefs. I contend and have responded and suggest today to you that it's a fairly simple analysis. If there's a true dedication by the briefing parties to represent to this court true and accurate facts, an accurate preview of the court's orders and the record seems very clear on point. I think it's simple. I am not at all shy to suggest to the court that I am not necessarily thrilled with the trial court's order where an under the forfeiture by wrongdoing exception to testify to those non-hearsay found statements. But the trial court did listen to all the testimony, overruled my objections on several occasions, and allowed some of this very harmful testimony to be included in the trial. Again, I can point out and intend on trying to point out to you some relevant facts as it pertains to these hearings in a very concise manner. I know you reviewed the briefs extensively and don't need me to repeat all the facts to you. But with respect to the identification issue, I think it's relevant. It was relevant to the court and is relevant to dial into the appropriate legal standard of abusive discretion to understand just the following quick facts. Pam Zimmerman died 11-3-2014. With respect to the identification, no witnesses came forward from 11-5-2014 to March of 2016. On March 15th, some of the gentlemen that are in this court behind me were given an anonymous tip which led to the identification of Ms. Legg as a purported individual who contends that when she saw my client's picture for the very first time when it was published in the Pentagraph, a publication in Normal, Illinois, Bloomington Normal, July 22nd, 2015, that honor about that July date and in the few days following that, she now recognizes from the newspaper that this is the same person she saw in a parking lot of the doctor's park when Ms. Zimmerman was murdered some 8-1-2 months earlier. She does nothing with that information. She does not contact the police. She first mentions it to her husband who's standing next to her or in the next room as the testimony was adduced that, hey, this is the guy I think I saw some 8-1-2 months early. Even then, they don't go to the police. They instead wait several more months and then, as best as the testimony can elaborate, in the fall, sometime in the fall of 2015, while dining at a fast food restaurant, she makes mention of this to some friends of hers, the Gunthers. What I contend is that the appellant, because the abuse of discretion standard is so difficult, has invented another standard by a misapplication of a very plain and concise court order and by the record that they have attached as an appendix when the court ruled on a motion for reconsideration on this issue. Why? Well, it's quite simple. They're trying to bolster the incredible testimony of Maria Lang with more legitimate witnesses like the Gunthers and her husband. But I'm suggesting and asking you not to be fooled by that interpretation of a different standard of review, the de novo standard of review. By looking at what our trial court judge did in fact say, say very clearly, and that they've actually included not only in their brief, but in the record that is before you for your review. We are, of course, talking about 801A1B and 725ILCS5-115-112. We've argued those very issues, both the rule and the statutory interpretation ad nauseum before our trial court judge, me trying to exclude everything, opposing state's attorney at the trial level trying to include the Gunthers. What the court suggested and I ask you to look and review the record is what appellant is suggesting is that the court rulings, the standard take comments from the court orders out of context, stretch and isolate particular phrases used by the trial court, and misinterpret the appropriate spirit of the general rule that the trial court adhered to. In particular, with respect to the court's first order on the issue of interpretation of 801 and section 115 and 112, the court points and says specifically in the record on pages 1747 and 1748, we find it is not hearsay under both the statute and the rule. So that's clear to me because I'm not trying to change the legal standard to advocate for my position. When the state at the trial court level filed a motion to reconsider, what our trial court judge then did with patience and specificity, is he again states on the record pages 1815 and 1814, I did not say that you can't call multiple or repetitive witnesses. He then says in this case on page 1815, there are other factors, more specifically cumulative, repetitive, improper bolstering, and unreliability. So he adopts the statute, he adopts the rule, and he makes it clear that his ruling is based on discretion and impartiality. He does not use any other rules of evidence. The law that I've cited in this particular case makes those factors relevant. Does he have to, with respect to the Gunthers, I guess his concern with the Gunthers seemed to me have been, there are questions regarding the reliability of Ms. Legge and the factors that I articulated in the facts, and the timing between when the quote-unquote alleged identification occurred, and I can take issue with the fact that it even occurred on the date that Ms. Zimmerman was murdered, but that's not for this court, that there is such a gap in time that the court had some real concerns, and I think it was specifically articulated in the court order. If you attack at trial Ms. Legge's identification, can the trial court reconsider whether it will bar the Gunthers? I think the, I hope not, but I think the court left open that possibility that it would, and the court articulated that, that listen, in the context of different testimony than I heard here today, you are invited to, they are invited to argue that position again, and I'm certainly invited to object to both the Gunthers, and in my opinion, under certain circumstances, if I were able to identify or do a better job at making Mr. Gunther's testimony look less credible, for whatever reason, through a more thorough cross-examination, I think it's all up for reconsideration, but the reason all these motions were filed and started by me was to flush out this issue so we could take the volume of evidence that we're dealing with, and begin to understand how an efficient judicial process called a trial will proceed. May I move on? Well, before you do, I think this might be a good point to raise the question you said I was going to raise. You heard Mr. Manchin make a representation that when the trial judge said, I don't want to hear paraphrasing, I want to hear the statements made as best you can recall of Pamela Zimmerman, that the prosecutor then turned around and said, okay, as best you can recall, what did Pamela Zimmerman say, and he represents that you objected on the grounds that it was leading and it was sustained. My question is, is that an accurate representation of what happened? Since I don't want to beat around the bush, it seems to be a spurious objection. Is it true? Yes, sir. I appreciate the court's question. It's well-founded and well-thought out. I take issue with what was represented having been there. What was clear to me is on day two of the 804B5 hearing, and now I'm moving from the identification into 804B5 issues, the court indicated to counsel its intention after, well, can I take a little longer, a roundabout way? I promise I'll get to answer your question. The way that the statements rolled out is on March the 9th, the first forfeiture by wrongdoing statements came out. The state, as they began to meet with their witnesses, adduced more statements, more statements, more statements, that were not included in any of the reports that were listed, or most of the reports that were memorialized in the narratives of the police report. So, counsel behind me amended that, added statements on April 25th, they again added statements on May 4th, as they continued to meet with their witnesses, they added statements on May 9th, added statements again on May 11th, 2017, a mere four days before our hearings. The hearings began on May 15th, and our trial court, I believe, my opinion is, got a little tired of hearing irrelevant hearsay statements regarding a 2012 mediated divorce by the time the hearing was over. These gentlemen were parading 17 witnesses and trying to induce 40 statements. So, the trial court injected its opinion by questioning counsel behind me, as then, are we going to continue to bring people from 2012 and earlier, and talk about her state of mind during a divorce, or are we going to move into more relevantly admissible 804B5 statements? The prosecutors continue to be undeterred by the raising of this issue and the challenging of the court's decision. Here today, before you, and they were just as undeterred at that time period, as we rolled out for three more days. So, Justice Stigman, what was really going on, is the trial court was getting tired of witnesses that, at some point, were sounding as if they were speculating on what Ms. Pam Zimmerman was saying, you know, under cross-examination. Well, you didn't mention that to the police officer, and that was not memorialized in any report. Well, on this other day that I don't know when, she said something like this. I began to object to that. The trial, based on speculation, reliability we all know is not necessarily a factor or a test here, but speculation and other evidentiary constitutionally protected rules apply. The court was listening to my objections on all those issues and wanting to understand, because such a time gap existed, whether the witnesses, from a credibility standpoint and from a remoteness standpoint, could quantify the statements themselves and specifically talk about a recollection of where they recall her saying that. As you know, even though reliability is not a test under 804B5, credibility of a witness is always relevant. So my appreciation, which takes issue with what was represented to you by appellant's counsel who was not present, is the judge had something different going on when he was asking those questions, and his rulings were not mandates at all, that they had to have an exact quote. It's merely an attempt by the appellant to try to create a mandate that changes the abuse of discretion standard and makes it easier for him to argue what he argued just before you. Much of his brief and what his argument before you was, was taking issue with the discretionary rulings of the trial court, looking for your honors to mandate when certain prongs have been met legally that the statute, in this case 804B5, mandates the admission. Quite to the contrary, it's just a starting point. And to be quite honest, my arguments mostly, in my appendix, I've cited defendants exhibit I've attached, defendants exhibit motion limiting number six, which actually goes witness by witness and memorializes the objections and my issues with each particular witness. If our trial court felt compelled that the law required him to take each statement one by one and make his court order statement specific, he would have done so. When asked to do so by the state's attorney's office, he declined saying, I'm going to decline your invitation to go statement by statement. I think it was easy for him to do so because so much of the inadmissibly declared evidence by the trial court all dealt with the same types of witnesses. They were friends of Pam, who she bad-mouthed my client to during a time period when they were going through a divorce. From 2012, which was when the divorce was final and earlier. And some of the statements were earlier, 2010, 2011. So I think with the trial court, what has not been cited and mandated through any case law citation that I can see, is how the trial court had to specifically make his case. I think it was quite clear and supported by relevant case law that I have cited. The court said with respect to 804B5, irrelevant, speculative, remote, improper lay opinion, lack of personal knowledge, cumulative, improper character evidence. And most specifically, prejudicial impact of a statement made during a divorce. And they're never pleasant based in my experience as an attorney who doesn't do much domestic work. But the court made specific findings that the prejudicial impact overweighs the probative value. And the cases that I cited, I don't need to go through them, you've all reviewed them. Brian talks about relevance, DeCaul talks about speculation, Delgado talks about even if it's admissible under 804B5 and passes the test, which is what the court said by preponderance of the evidence, it did. I think this is an interesting context. And even though it's not my question, I'd like the question answered. Did you object to that specific question that started this colloquy as being leading? There is probably no doubt after 17 witnesses at some point in time, I objected to a prosecutor leading a witness. But I can't say... But it was leading to say, what do you remember about what she said to you specifically? No, the leading objections that I remember generally, and I'm sure there were some, would have been, when we met in our office for the second time in preparation of this, didn't you tell me she said blank? Objection leading. Okay. That's what he represented, of course. And I take issue with what he represented. His representation was, tell us what she said, as best you recall, objection by Mr. Rogers leading. There's nothing leading about that based on my experience. Well, that's why I termed it a spurious objection, if that was the grounds. Let me ask you a question about... Yes, sir. If this was a litigious divorce, which many are, and it was disagreeable to a certain... It was disagreeable. And perhaps this business about retirement had been expressed earlier, and was even a consideration when the victim was speaking to her attorney. Why isn't that several-year history of this being a bone of contention between the parties, why isn't that part of the context leading up to the items of evidence that we're discussing? I mean, doesn't that give you the tone and tenor of the relationship of the parties, and the potential that this could cause someone to react in the way that he's alleged to have done? Well, I suggest the record doesn't necessarily support that. And certainly it opens up a divorce trial in the middle of a criminal trial. Because should those statements have been let in, or if you recommend that they be let in, then what is now my mandate is to go back and explore that this wasn't as contentious of a divorce as the state now wants it to be, because they cannot locate another suspect for this homicide. So it was... It wasn't a trial, there was a successful agreement amongst the parties. And my experience would be to draw the other conclusion that, you know, this is certainly... They didn't develop or call one single witness that Mr. Zimmerman had any negative energy toward Mrs. Zimmerman, or he ever threatened her. There were no orders of protection, there were no threats of violence. It was Mrs. Zimmerman rolling around to everybody expressing her displeasure with how... What his demands were during the divorce proceeding. I mean, that would tend to cause me to believe that I could negate most of that, but I don't really think... I tend to appreciate the trial court's ruling on the subject matter. So much of what actually was extracted was really not specifically driven to an appreciable, articulable threat by Mr. Zimmerman to Mrs. Zimmerman. It were her speculative thoughts about what was driving him and the direction that he was being driven as to why he wanted to maintain his pension and why the divorce wasn't amicable. Okay. Counsel, you're out of time. Thank you. Any rebuttal, Mr. Manchin? With respect to the forfeiture by Ron Ding, Justice Neck, you're perfectly correct. The whole two-year history is clearly relevant to establishing his motive at the time of the murder. The defendant seems to suggest that only threats by the defendant, or her repeating threats by the defendant, would be admissible under this theory. But if the original settlement is mediated and it doesn't go to trial... then there must be something well after that that fits in with the State's theory of motive. What are those things, and they are, I assume, closer to the date of the... We do have the thereafter, where she has to take him back to court a second time for the thing. Statements made at the time of the original enforcement, the scene where she says, defendant is complaining about having to pay because he doesn't want to... wants to retire, he can't if he has to pay. The statements regarding wanting to retire being made during the course of mediation, and her statements to the mediator and her attorney saying, I'm afraid of what the defendant will do because if I try to go after this money, then I'm going to... That's after the mediation. It has to be if you're talking about going back to court. Based on the present ruling, would the jury know that there were post-dissolution proceedings that involved paying child support or paying... No. The only thing the trial court would let in was the letter that she sent to the defendant making demands for payments. The court would not allow the secretary that read the letter and mailed the letter to testify as to the letter. If you got the letter, what does the secretary have to do with it? If nothing else, just to establish the foundation that it was actually sent. The trial court's ruling doesn't even allow that. The statements were not vague. The timing of the conversations, because she saw these people every weekend or every other weekend at volleyball games. During those conversations, whether we talk about the divorce or what's going on after the divorce and her fear of what the defendant would do because of his money concerns. I think that it all has to come in that this history is clearly relevant to establishing his intent at the time of the thing. The trial court's ruling excluding it, I think, was entirely incorrect. If there are no further questions, I will stand on my brief. Thank you.